# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DAL DUANE DARLAND, Defendant. | No. CR 05-1020-LRR  **ORDER** |

## I. INTRODUCTION AND BACKGROUND

The matter before the court is Defendant Dal Duane Darland's Motion to Suppress (the "Motion") (docket no. 20).

On May 20, 2005, the Grand Jury returned a seven-count Indictment against Defendant. Counts 1 and 4 charge Defendant did knowingly and intentionally manufacture and attempt to manufacture 5 grams or more of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. Counts 2 and 5 charge Defendant did knowingly and intentionally possess pseudoephedrine, a list I chemical, and Count 3 charges Defendant did knowingly and intentionally possess red phosphorous, a list I chemical, both while knowing, intending and having reasonable cause to believe that such precursors would be used to manufacture methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(c)(2). Count 6 charges Defendant did knowingly and unlawfully possess with intent to distribute approximately 5.56 grams of actual (pure) methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Count 7 charges

Defendant did manage or control as an owner, lessee, or occupant and did knowingly and intentionally make available for use, with or without compensation, the property located at 430 Kaufman Avenue, Dubuque, Iowa, for the purpose of unlawfully manufacturing, storing, distributing, and using methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 856.

On July 14, 2005, Defendant filed the Motion under consideration here. On July 18, 2005, the government filed a Resistance (docket no. 26). On July 20, 2005, the court held a hearing on the Motion. Defendant was personally present with counsel Rockne Cole. Assistant United States Attorney Daniel Tvedt represented the government. At the time of the hearing, the court reserved ruling on whether Defendant had met the threshold necessary to entitle him to an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). In the event the court found Defendant entitled to an evidentiary hearing, such hearing was set for August 1, 2005, at 4:00 p.m. The court finds the matter of whether Defendant is entitled to an evidentiary hearing fully submitted and ready for decision.

## II. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 12 requires a defendant seeking to suppress evidence to file such motion prior to trial. Fed. R. Crim. P. 12(b)(3)(C). The court must review a pretrial motion before trial unless it finds good cause to defer a ruling. Fed. R. Crim. P. 12(d). A ruling may not be deferred, however, if the deferral will adversely affect a party's right to appeal. *Id*. "When factual issues are involved in deciding a motion, the court must state its essential findings on the record." *Id*.

## III. LEGAL ANALYSIS

In the Motion, Defendant moves the court to suppress any and all evidence seized as a result of the search warrants executed at his residence on November 19, 2004, and

May 7, 2005. Defendant argues the following violations in relation to this criminal matter: (1) the November 19, 2004 search warrant violated the Fourth Amendment; (2) the May 7, 2005 search warrant is defective under the Fourth Amendment; and (3) the seizure of drugs from Defendant's person on November 19, 2004, violated the Fourth Amendment. As to the first two arguments, Defendant argues Investigator Tom Pregler of the Dubuque Drug Task Force knowingly or recklessly made numerous material omissions and material misstatements of fact in the application for each of the challenged search warrants, and thus Defendant is entitled to an evidentiary hearing to challenge the warrant pursuant to *Franks*. Defendant further argues, even if the *Franks* threshold is not met, each warrant application lacked probable cause to issue a warrant. Finally, Defendant's third argument is that law enforcement officers violated his Fourth Amendment rights when searching his person during the execution of the November 19, 2004 search warrant because such warrant did not specifically authorize a search of his person and the law enforcement officers had no reasonable suspicion pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968).

The government resists Defendant's Motion in its entirety and asks the court to deny it without a hearing. First, the government argues Defendant has not made a sufficient showing to warrant a *Franks* hearing. The government argues that there are no misstatements in the affidavits and each affidavit provides probable cause to issue the respective search warrant.

### *A. Availability of Evidentiary Hearing Pursuant to* **Franks**

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . . ." U.S. Const. amend. IV. "The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that 'searches conducted outside the judicial process, without prior approval by judge or

magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *Mincey v. Arizona*, 437 U.S. 385, 390 (1978) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnotes omitted)).

An affidavit supporting an application to a judicial officer for a search warrant is presumptively valid. *United States v. Amburn*, ___ F.3d ___, No. 04-2999, 2005 U.S. App. LEXIS 11551, at *18-19 (8th Cir. June 17, 2005) (citing *Franks*, 438 U.S. at 171). "An affidavit for a search warrant need only show facts sufficient to support a finding of probable cause." *United States v. Parker*, 836 F.2d 1080, 1083 (8th Cir. 1987) (citing *United States v. Dennis*, 625 F.2d 782, 791 (8th Cir. 1980)). However, a "facially sufficient affidavit . . . may be challenged on the ground that it includes a deliberate or reckless falsehood." *United States v. Allen*, 297 F.3d 790, 795 (8th Cir. 2002) (citing *Franks*, 438 U.S. at 171). In *Franks*, the United States Supreme Court held:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Franks*, 438 U.S. at 155-56; *see also United States v. Gabrio*, 295 F.3d 880, 883 (8th Cir. 2002) ("In order to obtain a *Franks* hearing, a defendant must make a substantial preliminary showing of a false or reckless statement or omission and must also show that the alleged false statement or omission was necessary to the finding of probable cause.") (citing *United States v. Milton*, 153 F.3d 891, 896 (8th Cir. 1998)). Claims of the affiant's negligence or mistake are insufficient to entitle the defendant to an evidentiary hearing. *Franks*, 438 U.S. at 171; *U.S. v. Crook*, 936 F.2d 1012, 1014 (8th Cir. 1991). As to the

second part of the *Franks* hearing test, the Eighth Circuit Court of Appeals has emphasized: "Omissions of facts are not misrepresentations unless they cast doubt on the existence of probable cause." *United States v. Flagg*, 919 F.2d 499, 500-501 (8th Cir. 1990) (per curiam) (citing *Parker*, 836 F.2d at 1083). Where "the allegedly omitted information would have been clearly critical to the probable cause determination, recklessness may be inferred." *Hunter v. Namanny*, 219 F.3d 825, 830 (8th Cir. 2000) (citing *United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986)).

To be entitled to an evidentiary hearing,

> the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

*Franks*, 438 U.S. at 171. "When no proof is offered that an affiant deliberately lied or recklessly disregarded the truth, a *Franks* hearing is not required." *United States v. Rodriguez*, ___ F.3d ___, No. 03-1058, 2005 U.S. App. LEXIS 13899, at *9 (8th Cir. July 11, 2005) (citing *United States v. Moore*, 129 F.3d 989, 992 (8th Cir. 1997)). "This showing of deliberate or reckless falsehood is 'not lightly met.'" *United States v. Lucca*, 377 F.3d 927, 931 (8th Cir. 2004) (citing *United States v. Wajda*, 810 F.2d 754, 759 (8th Cir. 1987)); *see also Gabrio*, 295 F.3d at 883 ("The type of showing required is not easily met.").

### 1. *The November 19, 2004 Search Warrant*

With regards to the November 19, 2004 search warrant, Defendant has identified

5

with particularity the statements in the search warrant affidavit which he believes were intentionally or recklessly omitted, or which he believes were false statements made intentionally or with reckless disregard for the truth.  Furthermore, Defendant offered Defendant's Exhibits A through L to support his arguments, such exhibits being State of Iowa criminal complaints and related documents[1] against Randy Metcalf ("Metcalf"), the confidential informant challenged as to the November 19, 2004 search warrant.  Such alleged omissions and misstatements identified are:  (1) the false statement that Metcalf is a "mature" individual; (2) the omission of Metcalf's identity and criminal history; (3) the false statement that revealing Metcalf's identity would endanger Metcalf's safety; (4) the omission of Metcalf's receipt of a benefit from law enforcement officers in exchange for his cooperation; and (5) the omission of numerous past instances in which Metcalf's cooperation did not assist law enforcement officers.  In the context of the November 19, 2004 search warrant affidavit, Defendant's contentions do not "create a substantial preliminary showing of intentional falsehoods" or "material omissions."  *Lucca*, 377 F.3d at 927 (involving falsehoods); *United States v. Rivera*, 410 F.3d at ___, 2005 U.S. App. LEXIS 10351, at *10-11 (8th Cir. June 6, 2005) (involving omissions).

On the ground that Metcalf has an "erratic" and "violent" criminal history, Defendant argues (i) indicating Metcalf is "mature" was an intentional false statement, and (ii) failing to include the details of such criminal history was a misleading omission.  First, the court finds Investigator Pregler's indication that Metcalf is "mature" is not a false

---

[1] Defendant provided twelve criminal complaints charging Metcalf with criminal behavior between June 1995 and December 2004.  Attached to most criminal complaints are final judgments, convictions, or orders dismissing such complaints.  *See* Def. Ex. C, D, E, G, H, I, J, K (entering judgments of guilty); Def. Ex. F (dismissing the charge upon the State of Iowa's motion).  The remaining criminal complaints are not accompanied with sufficient information such that the court knows the final disposition.  *See* Def. Ex. A, B.

statement despite Metcalf's extensive criminal record and history of seemingly erratic behavior.[2] Defendant cites no legal authority to support the argument that "mature" refers to anything beyond age. As Metcalf is more than eighteen years old, such statement is not false.

Second, the court finds Investigator Pregler's failure to include details of Metcalf's criminal history is not a material omission necessary to the finding of probable cause. Investigator Pregler did not indicate on the affidavit that Metcalf had "no known criminal record." This indicates that law enforcement officers knew of Metcalf's criminal record. This also put the judicial officer on notice that Metcalf has a criminal history. Furthermore, Investigator Pregler did not indicate Metcalf "is regularly employed," "is a student in good standing," "is a well-respected family and/or businessperson," "is a person of truthful reputation," or "has no known association with known criminals." The lines left blank on the affidavit indicate to the judicial officer Metcalf's reliability and credibility, or rather, his lack thereof. *See United States v. Wold*, 979 F.2d 632, 635 (8th Cir. 1992).

Of the eight instances in which Metcalf was convicted of committing criminal offenses, seven of those instances primarily involve domestic violence, and one instance involves escape from a detention facility. *See* Def. Ex. C-E, G-K. None of the charged offenses involves Metcalf's propensity for untruthfulness. *See Flagg*, 919 F.2d at 500 (involving defendant's allegation that "the informant had a long history of drug addiction,

---

[2] Defendant supplied the court with the criminal complaint charging Metcalf on December 7, 2004, and Metcalf's Motion to Authorize Costs for Expert in that criminal matter, in which Metcalf moved the court to authorize Metcalf to incur costs at public expense for psychiatric evaluation because he "has a long history of treatment for various mental impairments which have a genuine potential to affect his mental status and responsibility for the alleged offense." *See* Def. Ex. A.

7

moral turpitude and dishonesty"). Defendant cites to no law requiring the specifics of such criminal history be specified under the circumstances presented here, nor does Defendant make a substantial showing that Investigator Pregler intentionally or recklessly omitted such information. The November 19, 2004 search warrant affidavit notified the judicial officer that Metcalf has a criminal record. "[T]he issuing judge could hardly have been under the impression that [Metcalf] was a model citizen" even though the specifics of his criminal record were not included in the affidavit. *See Allen*, 297 F.3d at 795. Therefore, the court finds the affidavit "provided sufficient information for the magistrate to weigh [Metcalf's] credibility." *Id*. at 796 (citing *United States v. LaMorie*, 100 F.3d 547, 555 (8th Cir. 1996)).

On the ground that Investigator Pregler made a false statement indicating there were sufficient grounds for keeping Metcalf's identity confidential, Defendant only alleges that Metcalf was not in danger because Metcalf has a criminal history of violent offenses. The court finds that any propensity of Metcalf to commit violent acts is irrelevant to whether Metcalf would be danger for cooperating with law enforcement officers. This argument is unavailing.

On the ground that Metcalf has cooperated with law enforcement officers in this criminal matter to receive lenient treatment in his own pending charges,[3] Defendant argues omission of such fact was material to the probable cause finding. The court disagrees. "'[A]s a matter of good practice the affiant should have informed the magistrate' of the benefits an informant hoped to receive for his cooperation." *United States v. Gladney*, 48

---

[3] Defendant supplied the court with the criminal complaint charging Metcalf on September 12, 2004, and documentation releasing Metcalf from "onerous" pretrial release conditions on November 24, 2004, five days after Metcalf provided information to Investigator Pregler. *See* Def. Ex. B.

F.3d 309, 315 (8th Cir. 1995) (quoting *United States v. Ellison*, 793 F.2d 942, 947 (8th Cir. 1986)). But "tipsters often provide information in the hopes of obtaining leniency with respect to their own situation and that does not necessarily mean they are unreliable." *Gabrio*, 295 F.3d at 883 (citing *United States v. Hall*, 171 F.3d 1133, 1143 (8th Cir. 1999)). "Judicial officers issuing warrants are aware of deals made with informants who themselves are facing charges. Therefore, failure to inform the issuing officer of a deal is not fatal to the validity of the warrant." *Gladney*, 48 F.3d at 315 (quoting *Wold*, 979 F.2d at 634-35). Therefore, this argument is also unavailing.

On the ground that the affidavit omitted information that Metcalf had provided information previously that did not assist law enforcement officers, the court finds no merit. The search warrant affidavit alleged evidence of methamphetamine manufacturing was currently at Defendant's residence. The affiant stated Defendant's past information had led to the charging of individuals with possession of methamphetamine precursors with the intent to manufacture, possession of methamphetamine, and possession of marijuana, and past information had led to the discovery and seizure of contraband. Defendant's contention that every time an informant provides information to law enforcement officers an arrest must result is meritless. The affiant's statements that information from Metcalf had previously allowed law enforcement officers to charge individuals with controlled substances offenses are not misstatements. Nor is the omission of the ratio of the number of times Metcalf has cooperated to the number of times such information has led to criminal charges an omission that impacts probable cause.

For the reasons herein stated, the court finds Defendant is not entitled to a *Franks* hearing as to the November 14, 2004 search warrant.

### 2. *The May 7, 2005 Search Warrant*

With regards to the May 7, 2005 search warrant, Defendant also has identified with

9

particularity the statements in the search warrant affidavit which he believes were intentionally and recklessly omitted, or which he believes were false statements made knowingly and intentionally or with reckless disregard for the truth, and furnished the court with affidavits as to the alleged facts omitted from the search warrant affidavits. Such alleged omissions and misstatements identified are: (1) the false statement that confidential informant Dan Ernzen ("Ernzen") had no motivation to lie; (2) the omission of the fact Ernzen's wife was having a sexual relationship with Defendant; (3) the omission of the fact that Ernzen referred to Defendant in a derogatory fashion; and (4) the omission of Ernzen's receipt of a benefit from law enforcement officers in exchange for his cooperation.

In the context of the May 7, 2005 search warrant affidavit, Defendant's contentions "create a substantial preliminary showing of intentional falsehoods" or "material omissions." *Lucca*, 377 F.3d at 927 (involving falsehoods); *see also Rivera*, 410 F.3d at ___, 2005 U.S. App. LEXIS 10351, at *10-11 (involving omissions). With regards to Defendant's first three contentions, these all involve Ernzen's alleged bias against Defendant for Defendant's having a sexual relationship with Ernzen's wife. The court finds Defendant's allegation that "[Mr. Pregler][4] further confirm [sic] that he knew that

---

[4] The court notes Mr. Cole's Affidavit at page 2, provided to the court as Defendant's Exhibit L during the July 20, 2005 hearing, differs in a material respect from Mr. Cole's Affidavit at page 2 filed at docket no. 20 on July 14, 2005. In Defendant's Exhibit L, Mr. Cole altered the sentence in paragraph 1 reading "Mr. Erzen [sic] further confirm [sic] that he knew that Mr. Erzen [sic] suspected Dal Darland of having sexual relations with Jennifer Ernzen at least by February 2005." The alteration changed the first occurrence of "Mr. Erzen" to a handwritten "Mr. Pregler." What Investigator Pregler knew or did not know at the time he executed the May 7, 2005 search warrant application affidavit is critical in the determination of this matter. It troubles the court that Mr. Cole made this handwritten alteration and did not re-execute the affidavit, re-file such amended

(continued...)

Mr. Erzen [sic] suspected Dal Darland of having sexual relations with Jennifer Ernzen at least by February 2005" is an insufficient showing that Investigator Pregler made intentional or reckless material omissions or false statements in the May 7, 2005 affidavit. First of all, neither Mr. Cole's affidavit, Def. Ex. L, nor Defendant's affidavit, Def. Ex. M, indicates any evidence of certainty as to what Ernzen knew; Mr. Cole's affidavit states Investigator Pregler knew Ernzen *suspected* a relationship. An affidavit from a person other than Investigator Pregler stating Ernzen *did* know of the relationship, or was providing information out of personal bias against Defendant, could have increased Defendant's showing. Nor did Defendant made a sufficient showing that Investigator Pregler made statements or omitted information to deliberately falsify the affidavit or to falsify it with reckless disregard for the truth.

Furthermore, the court finds that such omissions or alleged material misstatements did not impact the judicial officer's ability to assess probable cause. While the United States Court of Appeals for the Eight Circuit has not spoken directly on this type of omission, the United States Court of Appeals for the Ninth Circuit states persuasively: "It would have to be a very naive magistrate who would suppose that a confidential informant would drop in off the street with such detailed evidence and not have an ulterior motive. The magistrate would naturally have assumed that the informant was not a disinterested citizen." *United States v. Strifler*, 851 F.2d 1197, 1201 (9th Cir. 1988); *accord United States v. Martin*, 920 F.2d 393, 399 (6th Cir. 1990) (quoting *Strifler*, 851 F.2d at 1201);

---

[4](...continued)
affidavit, and bring the amended affidavit to the attention of the government and the court at the July 20, 2005 hearing. Such alteration makes the government's assertion regarding Defendant's allegations of Investigator Pregler's knowledge in its Resistance irrelevant. *See* Gov't Resistance at 7 (resisting Defendant's Motion because he failed to allege Investigator Pregler had any knowledge of Ernzen's suspicions).

*United States v. Hodges*, 705 F.2d 106, 108 (4th Cir. 1983) ("antagonism may explain [the informant's] motivation in providing the government with the tip . . . it does not necessarily lessen his credibility"). The court finds that such allegations are not a sufficient showing that the affiant made intentional misstatements or material omissions.

Even if the first prong of the *Franks* hearing test had been met, and the court finds it was not, as discussed *supra*, the court finds Defendant has not met the second prong of the *Franks* hearing test as to the May 7, 2005 search warrant. The alleged misstatement or alleged omissions are not necessary to the finding of probable cause to issue the search warrant. Defendant's allegations go to the credibility of the confidential informant and do not specifically challenge any of the factual representations as to the substance of the information provided by Ernzen. *Cf., e.g.*, *Humphreys*, 982 F.2d at 259 ("[W]here the informants' information is at least partially corroborated, attacks upon credibility and reliability are not crucial to the finding of probable cause."). Other indicia of Ernzen's credibility, or lack thereof, exist in the affidavit, to wit: (i) Ernzen had supplied information on ten prior occasions resulting in two arrests, the filing of charges of methamphetamine manufacturing and child endangerment, and the discovery and seizure of contraband; (ii) Investigator Pregler did not indicate on the warrant that Ernzen "was regularly employed," "a student in good standing," "a well-respected family and/or businessperson," "is a person of truthful reputation," or "has no known association with known criminals;" and (iii) Ernzen admitted to manufacturing methamphetamine in the past, and knowledge of the red phosphorous method of manufacturing. Other showings of the likelihood that criminal activities would be uncovered at Defendant's residence exist in the affidavit, to wit: (i) evidence of methamphetamine manufacturing was uncovered during a November 19, 2004 search of Defendant's residence; (ii) a confidential informant reported on February 15, 2005 that Defendant resumed manufacturing methamphetamine

via the red phosphorous method at Defendant's residence following his release from jail on his November 19, 2004 charges; and (iii) a March 9, 2005 intelligence report indicating Defendant was manufacturing methamphetamine at Defendant's residence. The court does not find the alleged material omissions or misstatements of Ernzen's personal bias against Defendant were necessary to the judicial officer's finding of probable cause to issue the May 7, 2005 search warrant.

On the allegation Ernzen was cooperating to receive lenient treatment, Defendant argues such omission was material to the probable cause finding. The court disagrees. As discussed in Part III.A.1. *supra*, this argument is unavailing.

For the reasons herein stated, the court also finds Defendant is not entitled to a *Franks* hearing as to the May 7, 2005 search warrant.

### B. Defendant's Motion to Suppress for Lack of Probable Cause to Issue Warrant and Unreasonable Search of Defendant's Person

In Defendant's Motion, he requested a *Franks* hearing and he challenged the issuance of each warrant and the search of his person on November 19, 2004. The court finds the government's resistance does not adequately deal with these latter three issues. The court orders the government to file a supplemental brief as to the issue of whether the judicial officer had probable cause to issue the warrants on November 19, 2004, and May 7, 2005, and whether the search of Defendant's person on November 19, 2004, was reasonable. The government has through July 29, 2005, to file such brief. The court will hold the evidentiary hearing as to these issues on August 1, 2005, at 4:00 p.m., the time previously scheduled for the *Franks* hearing.

### IV. CONCLUSION

**IT IS HEREBY ORDERED:**

(1) The court **DENIES** Defendant Dal Duane Darland's request for a *Franks*

hearing.

(2) At the evidentiary hearing scheduled for August 1, 2005, at 4:00 p.m., the court will hear the government's evidence as to Defendant's Motion to Suppress, as described in Part III.B. *supra*. The court orders the government to supplement its brief on these issues. The government has through July 29, 2005, to file such brief.

(3) The period between the filing of Defendant's Motion and the filing of this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 28th day of July, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA